## IN THE CIRCUIT COURT FOR CAMPBELL COUNTY, TENNESSEE

| | |
|---|---|
| **ROBERT HATFIELD, and** ) <br> **JANICE HATFIELD** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **CAMPBELL COUNTY; CAMPBELL** ) <br> **COUNTY SHERIFF'S DEPARTMENT;** ) <br> **ROBBIE K. GOINS, Sheriff,** ) <br> **officially and in his individual** ) <br> **capacity; JONATHAN FINLEY,** ) <br> **Chief Deputy, officially** ) <br> **and in his individual capacity;** ) <br> **JASON HENEGAR, Detective,** ) <br> **officially and in his individual capacity;** ) <br> **JOHN DOE(S), officially and in their** ) <br> **individual capacities, and JANE DOE(S),** ) <br> **officially and in their individual** ) <br> **capacities,** ) <br> ) <br> **Defendants.** ) | 2012-cv-15169 <br><br> No. ___15169___ <br> **Demand for Jury Trial** <br><br> DATE: 3/21 2012 TIME: 4:20 pm <br> CIRCUIT COURT — CAMPBELL COUNTY <br> BOBBY W. VANN ___CLERK <br> DEP. CLERK (D.C.) |

### COMPLAINT

Come the Plaintiffs, Robert Hatfield and Janice Hatfield, by and through counsel of record, and would sue the Defendants, Campbell County, the Campbell County Sheriff's Department, Robbie K. Goins, both individually and in his official capacity as Sheriff of Campbell County, Jonathan Finley, both individually and in his official capacity as Campbell County Sheriff's Department Chief Deputy, Jason Henegar, both individually and in his official capacity as a Campbell County Sheriff's Department Detective, and John Doe(s), both officially and in their individual capacity, Jane Doe, and for her causes of actions against the Defendants would show as follows:

### I.    PARTIES

1.    Plaintiffs Robert Hatfield and Janice Hatfield, individuals, are residents of Campbell County, Tennessee and currently reside at 254 Imperial Heights Lane, LaFollette, Tennessee 37766 in Campbell County, Tennessee.

2. Defendant Campbell County is a municipal corporation organized and existing under the laws of the State of Tennessee as a county of the State of Tennessee and may be served with process by and through the County Mayor William A. Baird, Campbell County Courthouse, 570 Main Street, # 15 A, Jacksboro, Tennessee 37757 and County Attorney Joseph Grant Coker, 160 Valley Street, Jacksboro, Tennessee 37757. Campbell County is a Defendant in its own right on Plaintiff's claims pursuant to the unconstitutional policies, customs, and practices of the Campbell County Sheriff's Office.

3. Defendant Campbell County Sheriff's Office is an agent of Campbell County vested with the management and control of the county law enforcement agency and, upon information and belief, is the ultimate policy-making body with regard to law enforcement in Campbell County and may be served with process by and through the County Sheriff Robbie K. Goins, 195 Kentucky Street, Jacksboro, Tennessee 37757.

4. At all relevant times, Defendant Robbie K. Goins was Sheriff employed by Campbell County and was acting under color of state law pursuant to the duties and responsibilities set forth in Article 7, Section 1 of the Tennessee Constitution and codified by the General Assembly at Tenn. Code Ann. §§ 8-8-301, 302 (2004), and may be served by and through the County Sheriff, Robbie K. Goins, 195 Kentucky Street, Jacksboro, Tennessee 37757.

5. At all relevant times, Defendant Jonathan Finley was the Chief Deputy of the Campbell County Sheriff's Department, employed by Campbell County and was acting under color of state law. Defendant Finley may be served at his residence located at 315 Paradise Lane, Jacksboro, Tennessee 37757-3938.

6. At all relevant times, Defendant Jason Henegar was a detective with the Campbell County Sheriff's Department, employed by Campbell County and was acting under color of state law. Defendant Henegar may be served at his residence located at 141 Starz Lane, Apartment 5, Jacksboro, Tennessee 37757.

2

7. Plaintiffs Robert Hatfield and Janice Hatfield do not know the true names or capacities of the Defendants sued herein by the fictitious names of John Doe and Jane Doe, and therefore sue said Defendants by fictitious names. However, Plaintiff, upon information and belief, does allege that said Defendants are other employees of the Campbell County and are in some way responsible for the injuries suffered by Plaintiff as herein alleged, both officially and in their respective individual capacities.

## II. JURISDICTION AND VENUE

8. The material allegations set forth in Paragraphs 1-6 of the Complaint are incorporated by reference herein as if fully set forth.

9. That this action is brought pursuant to Tenn. Code Ann. § 8-8-302 regarding suits against a County for wrongs and damages resulting from "any act or failure to act on the part of any deputy appointed by the sheriff." Defendants Detective Jason Henegar and Chief Deputy Jonathan Finely are "deputies appointed by the sheriff" for purposes of the statute.

10. That this action is further brought pursuant to the Tennessee Governmental Tort Liability Act as codified at Tenn. Code Ann. §§ 29-20-101 through 29-20-407 (1999).

11. Defendant Campbell County Sheriff's Department is a local governmental entity within the meaning of Tenn. Code Ann. § 29-20-102(3).

12. Tenn. Code Ann. § 29-20-205 provides for the removal of sovereign immunity for the Campbell County Sheriff's Department for the injuries suffered by the Plaintiffs as the proximate result of the negligent acts or omissions of Defendant Campbell County Sheriff's Department.

13. Venue is appropriate in this court pursuant to Tenn. Code Ann. § 29-20-308.

14. That further, jurisdiction and venue are proper in this court pursuant to Tenn. Code Ann. §§ 16-10-101 and 20-4-101, in that the cause of action averred herein occurred in

3

Campbell County, Tennessee and both the Plaintiffs and the Defendants reside and/or conduct business in Campbell County, Tennessee.

## III. STATEMENT OF THE FACTS

15. The allegations set forth in Paragraphs 1-16 of the Complaint are incorporated by reference herein as if fully set forth.

16. On September 5, 2011, Robert and Janice Hatfield were occupying their residence located at 254 Imperial Heights Lane, LaFollette, Tennessee 37766, when a large pick-up operated by Defendant Campbell County Detective Jason Henegar suddenly and without warning crashed through the living room wall of the residence.

17. Detective Jason Henegar was off-duty at the time of the crash, and upon information and belief, was under the influence of alcohol.

18. Plaintiff Janice Hatfield was seated on a loveseat watching television in the living room of her residence at the time of the crash. As a direct and proximate result of Defendant Jason Henegar's actions, Janice Hatfield became pinned under brick, sheetrock, and other debris, and suffered serious personal and emotional injuries.

19. That immediately following the crash, Defendant Detective Henegar revved the engine of his vehicle as if he were attempting to back the vehicle out of the residence and leave the scene; however, as a result of the damage sustained in the crash, he was unable to do so.

20. That Robert Hatfield contacted Emergency 911 Services to report that he was detaining an intruder at gunpoint who was carrying a firearm, trying to flee the scene, and that the individual had crashed a vehicle through the Hatfield home.

21. That after Detective Henegar ceased revving the engine, a trapped Mrs. Hatfield heard Henegar contact an individual named "Jon" on his cellular telephone. Henegar advised this individual that "there was an accident at Imperial Heights, (and) come and get me."

4

22. That the audio recording of the 911 call confirms that emergency dispatch initially reported the incident to the Tennessee Highway Patrol (THP) and advised THP to respond to the scene. Exhibit A, attached.

23. That significantly, however, the 911 recording further confirms that shortly after THP was initially contacted, an unidentified Campbell County officer contacted emergency dispatch and advised the dispatcher to have THP "signal 9" their officer; that Campbell County law enforcement would handle the incident. Exhibit A.

24. That three Campbell County officers, along with emergency medical services, initially responded to the 911 call.

25. That one of the responding officers agreed with Mrs. Hatfield that he also smelled alcohol on Detective Henegar.

26. That Detective Henegar was quickly escorted out of the Hatfield's residence by the responding Campbell County law enforcement officers, at which time the Hatfields were informed that he was being taken outside for the purpose of administering field sobriety tests.

27. That when Mr. Hatfield inquired as to the driver's whereabouts approximately 20 minutes later, he was informed that "a friend" came by and got Henegar.

28. That when Mr. Hatfield questioned whether Henegar should have been allowed to leave the scene, a Campbell County officer stated, "a Sergeant took control and that all I'm saying."

29. That another Campbell County officer on the scene then stated that he was "going to call THP because this is not right."

30. That after Mrs. Hatfield had been transported to the hospital, a tow truck rapidly arrived and removed Detective Henegar's vehicle from the scene without any permission or input from the Hatfields.

31. That the removal of the vehicle not contaminated, but destroyed the crime scene.

5

32. That remarkably, the responding Campbell County officers did not request that the area be secured and did not photograph this catastrophic incident, either prior or subsequent to the removal of Detective Henegar's vehicle.

33. That significantly, the cover-up and various calls to police dispatch are chronicled in the 911 recordings, which contain the following statements by various unidentified Campbell County law enforcement officers in addition to Campbell County Emergency Dispatch:

   a. **Campbell County 911 to THP:** "We have a wreck, supposedly not any injuries but a vehicle actually ran through a house. They're requesting a trooper. That would be 254 Imperial Heights Lane."

   b. **Campbell County 911:**                        Hey, Matt?
      Campbell County Officer "Matt":     Hey, Did [unintelligible] call?
      **Campbell County 911:**                        …No. What's up?
      Officer "Matt":                               Can we get a trooper out here to work that?
      **Campbell County 911:**                        We've got a trooper on the way.
      Officer "Matt":                               Ok, good. That's Dustin's Hatfield's dad's house…

   c. **Unidentified Campbell County Officer to 911 Dispatcher:** "Signal 9 THP, Signal 9."

   d. **THP:**                              Tennessee Highway Patrol, this is [unintelligible]."
      Campbell County 911:     Hey this is Campbell County. Officer said to signal 9 your trooper. Said that they can do it, apparently it's minimal damage or something."
      **THP:**                              Ok. I'll let him know."
      Campbell County 911:     Alrighty. Bye.

   e. **Campbell County Officer "Jeff":     Hey this is Jeff. Is Susan working?**
      Campbell County 911:     No she's not. She's already gone.
      **Officer "Jeff":                      Oh God. Have ya'll got a home number** for them?
      Campbell County 911:     For Susan? Ok, hang on.
      **Officer "Jeff":                      Yeah.**
      Campbell County 911:     Do we know who drove through that house or something?
      **Officer "Jeff":                      Yeah.**
      Campbell County 911:     Oh shit. Please tell me it's not him.
      **Officer "Jeff":                      Who?**
      Campbell County 911:     Casey?

6

|  |  |
|---|---|
| **Officer "Jeff":** | Huh? |
| Campbell County 911: | Ok. Good. |
| **Officer "Jeff":** | **(laughs) No. Worse. Worse for us. Not for y'all.** |
| Campbell County 911: | I'm thinking it's an officer, but I don't want to ask any questions. You can just tell me later. |
| **Officer "Jeff":** | **Ok. (laughs again)** |
| Campbell County 911: | I was just worried about Casey because he lives up there at the top of the hill. |
| **Officer "Jeff":** | **Oh, does he?** |
| Campbell County 911: | Yeah. |

f.
|  |  |
|---|---|
| **Campbell County 911:** | **Campbell County 911.** |
| Officer "Brandon": | Hey. This is Brandon. |
| **Campbell County 911:** | **Hey Brandon.** |
| Officer "Brandon": | Hey, I'm on my way back from uh, well actually from Massachusetts, as a matter of fact we're leaving Nashville right now. Is the Chief out on that deal at Dustin Hatfield's mom and dad's? |
| **Campbell County 911:** | **Uh, let me think. Jeff Allen is out on it, uh, and Matt is out on it.** |
| Officer "Brandon": | Ok, so the Chief's not went 10-8 on it? |
| **Campbell County 911:** | **No, it's just those two, (unintelligible)…** |

g.
|  |  |
|---|---|
| **Campbell County 911:** | **Hey.** |
| Unidentified Officer: | Hey. |
| **Campbell County 911:** | **Are you there yet?** |
| Unidentified Officer: | No…(unintelligible). |
| **Campbell County 911:** | **Tell me, which one is it?** |
| Unidentified Officer: | Say what? |
| **Campbell County 911:** | **Which one is it?** |
| Unidentified Officer: | Which one what? |
| **Campbell County 911:** | **Officer.** |
| Unidentified Officer: | (laughs) I don't know if I can say anything right now. |
| **Campbell County 911:** | **Do what?** |
| Unidentified Officer: | I said I don't know if I need to tell anything right now…We're trying to figure out whether THP's coming or not. |
| **Campbell County 911:** | **They're not. I already Signal-9'ed 'em.** |
| Unidentified Officer: | I know. But Dustin Hatfield's on the way from Loudon County. (pause) I know Chief's up here. That may be him in front of me. |
| **Campbell County 911:** | **Yeah, I already spoke to Jeff. He was about to tell me, and I told him not to tell me. And then I sat here ever since I told him not to tell me.** |

| | |
|---|---|
| Unidentified Officer: | Yeah. Well let me figure out what's going on and I'll call you back here in a little while. |
| **Campbell County 911:** | **Alright.** |

h. 

| | |
|---|---|
| **Campbell County 911:** | **Is this Mr. Allen?** |
| Campbell County Officer Allen: | Yes. |
| **Campbell County 911:** | **Hey, this is Campbell County 911. Um, I just got a call from a Sergeant Schaffer from Highway Patrol.** |
| Officer Allen: | Ok. |
| **Campbell County 911:** | **He's requesting to have one of his officers come to this, um, Imperial Heights call. Uh, he got word that it was one of his trooper's parents' house and one of our detectives. He wants an officer on the scene.** |
| Officer Allen: | Um, ok. |
| **Campbell County 911:** | **I told him I would have you give him a call. I got his number. I didn't want tot tell him to come on down or not to come. So…** |
| Officer Allen: | Text his number to me and I'll get a hold of Chief. (unintelligible)…Or, text it to Jonathan, the Chief, and have him call him. |
| **Campbell County 911:** | **Ok. Alright.** |

i.

| | |
|---|---|
| **Campbell County Officer "Brandon":** | **Hey this is Brandon.** |
| Campbell County 911: | Hey. |
| **Officer "Brandon":** | **Hey, did anybody else ever go out on that? Did Chief ever go out?** |
| Campbell County 911: | Uh, he didn't actually sign out, but I think he's there because I think he followed Matt in. |
| **Officer "Brandon":** | **Ok, so the Chief and Jeff and Matt.** |
| Campbell County 911: | Yeah, the Chief, Jeff, Matt, and two other officers. |
| **Officer "Brandon":** | **Um, The Sheriff didn't come out?** |
| Campbell County 911: | Uh, not that I'm aware of. Unless he just went out there. Which, I mean I don't know which one it was that actually followed Matt in. Matt said he thought it was Finley. |
| **Officer "Brandon":** | **Oh, ok. Um, do we know who it was officially?** |
| Campbell County 911: | No, but I have a good idea. I don't know if I can really…(unintelligible). |
| **Officer "Brandon":** | **They haven't (unintelligible) or anything.** |
| Campbell County 911: | No. |
| **Officer "Brandon":** | **Who's working it?** |
| Campbell County 911: | I'm guessing we're working it. They asked for THP and then signal-9'ed 'em. |
| **Officer "Brandon":** | **Hmm.** |

8

| | | |
|---|---|---|
| | Campbell County 911: | So I really don't know. |
| | **Officer "Brandon":** | **Ok. Alright, well good deal. I was just trying to check and see what was going on. I was trying to text everybody and everybody (unintelligible) won't send me any message back and tell me what's going on.** |
| | Campbell County 911: | Well Matt wouldn't tell me who it was, but we've kind of – I narrowed it down and figured it out for myself. |
| | **Officer "Brandon":** | **Yeah, well…** |
| | Campbell County 911: | If you think… |
| | **Officer "Brandon":** | **Well here's a caller right now, let me see who this is.** |
| | Campbell County 911: | Alright. |
| | **Officer "Brandon":** | **Alright, buddy. Thanks.** |
| j. | **Campbell County 911:** | **911** |
| | Officer "Matt": | Hey, it's Matt. |
| | **Campbell County 911:** | **Hey.** |
| | Officer "Matt": | Hey, is there a sergeant with Highway Patrol trying to get a hold of one of us? |
| | **Campbell County 911:** | **Um, Thomasina texted Finley's phone a number. That's all I know of…Ask Finley if he got the number.** |
| | Officer "Matt": | Uh Finley, he's gone. |
| | **Campbell County 911:** | **He's already gone?** |
| | Officer "Matt": | Yeah, he's not here. |
| | **Campbell County 911:** | **Um, Thomasina texted Finley's phone a number. That's all I know of…Ask Finley if he got the number.** |
| | Officer "Matt": | Uh Finley, he's gone. |
| | **Campbell County 911:** | **He's already gone?** |
| | Officer "Matt": | Yeah, he's not here. |
| | **Campbell County 911:** | **Hang on just a second, I think she's got it written down over here, she can give it to you...** |
| k. | **Campbell County 911:** | **Campbell County 911.** |
| | Officer "Matt": | Hey, this is Matt. |
| | **Campbell County 911:** | **Hey Matt.** |
| | Officer "Matt": | Hey, could you have a trooper back en route up here. |
| | **Campbell County 911:** | **A trooper back en route?** |
| | Officer "Matt": | Yep. |
| | **Campbell County 911:** | **Yep.** |
| | Officer "Matt": | Ok thanks, bye. |

9

| | | |
|---|---|---|
| l. | **THP:** | **Tennessee Highway Patrol this is (unintelligible) Robbins.** |
| | Campbell County 911: | Hey, this is Campbell County. Um, an officer was requesting THP on, uh, 254 Imperial Heights. It's a 45. |
| | **THP:** | **Yes.** |
| | Campbell County 911: | If you could have an officer en route. |
| | **THP:** | **Ok. Are we going to work it or what?** |
| | Campbell County 911: | Um, I'm not sure. The officer just told me to call and get one en route. |
| | **THP:** | **Ok, could you find out? I mean I don't know why we're going up there if we're not working it. That why I'm just trying to find – what are they needing, to work it or for something else?** |
| | Campbell County 911: | Ok, hold on just one second, ok? |
| | **THP:** | **Ok.** |
| | | |
| m. | **Unidentified Campbell County Officer:** | **Hello.** |
| | Campbell County 911: | Hey. THP wants to know what, if they're going to be working it. |
| | **Unidentified Officer:** | **Yeah, yeah, they need to work it, yeah, (unitelligble).** |
| | Campbell County 911: | Is it going to be a joint thing, or is it just going to be THP? |
| | **Unidentified Officer:** | **Just THP.** |
| | Campbell County 911: | Oh, ok. Alright. Thanks. |
| | | |
| n. | **Campbell County 911:** | **No, my officer said that you'll be workin' it.** |
| | THP: | That we'll be? |
| | **Campbell County 911:** | **Uh-huh.** |
| | THP: | Ok. Well, he's cleaning up that wreck on the interstate, but as soon as he gets done. They're just waiting on a wrecker I think, and I'll let him know. |
| | **Campbell County 911:** | **Alright Thanks, alright bye.** |

*See* Exhibit A.

34. At all relevant times, Defendant Jason Henegar was employed by the Campbell County Sheriff's Department.

35. At all relevant times, Defendant Jonathan Finley was employed by the Campbell County Sheriff's Department.

36. At all relevant times hereto, Defendant Jonathan Finley was acting in the course and scope of his employment and as an agent of and under the direct supervision of the Campbell County Sheriff's Office.

37. Defendants Jason Henegar and Jonathan Finley, as a detective and chief deputy, respectively, and Defendants John and Jane Doe, used their positions of authority as employees of the Campbell County Sheriff's Department and acted by virtue of or under color of office, to accomplish the following illegal actions in abridgment of the Plaintiffs' rights pursuant to the United States and Tennessee Constitutions:

   a. Failing to contact an outside law enforcement agency to conduct an investigation regarding criminal activity by a Campbell County Sheriff's Department deputy, contrary to Campbell County Sheriff's Department policy.

   b. Removing Defendant Jason Henegar from the scene of the crime without conducting field sobriety tests and without timely securing a blood sample before Detective Henegar could be interviewed by the Tennessee Highway Patrol (hereinafter THP);

   c. Removing Defendant Jason Henegar's vehicle from the crime scene prior to THP's arrival;

   d. Failing to photograph the crime scene prior to contaminating the crime scene by removing Defendant Jason Henegar's vehicle from the premises.

   e. Advising Campbell County Emergency Dispatch to advise THP not to respond to the scene until after Campbell County Law Enforcement had sufficient time to remove all evidence incriminating to Defendant Detective Jason Henegar from the scene of the crime;

   f. Otherwise covering-up, or attempting to cover-up, evidence of Defendant Detective Jason Henegar's intoxication and criminal behavior.

38. That upon information and belief, as a direct and proximate result of the defendants' actions as outlined above, a Campbell County Grand Jury determined that there was not

11

sufficient evidence to indict either Defendant Jason Henegar, nor Defendant Jonathan
Finley, of any crime in violation of the laws of the State of Tennessee.

39. That as a direct and proximate result of the Defendants' conduct, Plaintiff Janice
Hatfield has suffered serious physical and psychological damages, and Plaintiff Robert
Hatfield has suffered psychological damages.

## VI. CAUSES OF ACTION

### A. INTENTIONAL TORTIOUS CONDUCT BY SHERIFF'S DEPUTIES AND VIOLATIONS OF ARTICLE I, SECTIONS 7, 8, AND 17 OF THE TENNESSEE CONSTITUTION

### Tenn. Code Ann. § 8-8-302

40. The material allegations set forth in Paragraphs 1-39 of the Complaint are incorporated
by reference herein as if fully set forth.

41. That Tenn. Code Ann. § 8-8-302 authorizes suits against any County within the state of
Tennessee to be brought by "Anyone incurring any wrong, injury, loss, damage or
expense resulting from any act or failure to act on the part of any deputy appointed by
the sheriff may bring suit against the county in which the sheriff serves; provided, that
the deputy is, at the time of such occurrence, acting by virtue of or under color of the
office."

42. That Defendants Detective Jason Henegar and Chief Deputy Jonathan Finely, in
addition to Defendants John Does(s) and Jane Doe(s), are "deputies appointed by the
sheriff" for purposes of the statute.

43. That the Defendants were acting under color of state law at the time they participated in
the criminal conduct and cover-up described in paragraphs 16-39, *supra*.

44. That the Defendants acted by virtue or under color of office in depriving the Plaintiffs of
their property without due process of law as specified herein in violation of Article I,
Section 8 of the Tennessee Constitution, in addition to the 5th and 14th Amendments to
the United States Constitution.

12

45. That the Defendants further acted by virtue or under color of office by entering onto the Plaintiffs' property and into the Plaintiffs' residence without a warrant, and without a legitimate law enforcement purpose for entering the Plaintiffs' property in violation of Article I, Section 7 of the Tennessee Constitution.

46. That Defendants Henegar, Finley, John Doe(s) and Jane Doe(s) further acted by virtue or under color of office in conspiring to violate the Plaintiffs' rights pursuant to the Tennessee Crime Victim's Rights Act T. C. A. § 40-38-301; Article 1, § 35 of the Tennessee Constitution. That these Defendants committed the following affirmative acts in furtherance of this conspiracy:

    a. Following the crash, Defendant Jason Henegar contacted Defendant Jonathan Finley via his private cellular telephone and requested that Defendant Finley pick-him up from the crime scene in order to spoliate evidence regarding his criminal activity and to allow his blood alcohol content to diminish.

    b. Failing to contact an outside law enforcement agency to conduct an investigation regarding criminal activity by a Campbell County Sheriff's Department deputy, contrary to Campbell County Sheriff's Department policy.

    c. Removing Defendant Jason Henegar from the scene of the crime without conducting field sobriety tests and without timely securing a blood sample before Detective Henegar could be interviewed by the Tennessee Highway Patrol (hereinafter THP);

    d. Removing Defendant Jason Henegar's vehicle from the crime scene prior to THP's arrival;

    e. Failing to photograph the crime scene prior to contaminating the crime scene by removing Defendant Jason Henegar's vehicle from the premises.

    f. Advising Campbell County Emergency Dispatch to advise THP not to respond to the scene until after Campbell County Law Enforcement had sufficient time to

remove all evidence incriminating to Defendant Detective Jason Henegar from the scene of the crime;

    g.  Otherwise covering-up, or attempting to cover-up, evidence of Defendant Jason Henegar's intoxication and criminal behavior.

47. That Defendant Jason Henegar acted by virtue or under color of office in committing the following intentional torts against the Plaintiffs:

    a.  Assault and battery

    b.  Trespass to land;

    c.  Intentional infliction of emotional distress; and

    d.  Negligent infliction of emotional distress.

48. That Defendant Jonathan Finley acted by virtue or under color of office in committing the following intentional torts against the Plaintiffs:

    a.  Trespass to land;

    b.  Intentional infliction of emotional distress; and

    c.  Negligent infliction of emotional distress.

49. That in committing the acts herein alleged, Defendants Jason Henegar and Jonathan Finley commit were acting under color of office in that the acts alleged herein exceed Henegar and Finley's official power and/or Henegar and Finley were acting or purporting to act in an official capacity or taking advantage of such actual or purported capacity. See Tenn. Code Ann. § 39-16-402 (1997); J.W. ex rel. Watts v. Maury County, M2001-02768-COA-R3CV, 2003 WL 1018138 (Tenn. Ct. App. Mar. 11, 2003).

50. That by using their positions as employees of the Campbell County Sheriff's Department to cover up the criminal conduct of Defendant Jason Henegar, the Defendants further acted by virtue or under color of office to deprive the Plaintiffs of their right to access and receive a remedy for wrongs committed by State actors in the courts of this State pursuant to Article I, Section 17 of the Tennessee Constitution.

14

51. That the Plaintiffs sue for the wrongs committed by the violation of their Tennessee Constitutional rights pursuant to Article I, Section 17 of the Tennessee Constitution.

52. That Defendants Henegar, Finley, John Doe(s) and Jane Doe(s) committed these acts and caused these injuries to Plaintiff by virtue of and under color of law and the authority of their office as Campbell County Sheriff's Department deputies.

53. That Campbell County is responsible to the Plaintiffs for their damages for these unlawful acts of its officers pursuant to T.C.A. § 8-8-302.

54. Defendants Henegar, Finley, and John and Jane Doe(s) are responsible in their individual capacities for damages for these unlawful acts.

55. That the defendants' sureties are responsible to the Plaintiffs for damages of these unlawful acts of Defendants Henegar, Finely, and John and Jane Doe(s).

## B. TENNESSEE GOVERNMENTAL TORT LIABILITY ACT
### Tenn. Code Ann. §§ 29-20-101 to 29-20-407

56. The material allegations set forth in Paragraphs 1-50 of the Complaint are incorporated by reference as if fully set forth herein.

57. That pursuant to Tenn. Code Ann. § 29-20-205, Campbell County is liable for the negligent acts or omissions of any county employees acting within the scope of their employment, and therefore the County is liable for the negligent acts or omissions of Defendants Jason Henegar and Jonathan Finley as alleged herein.

58. Upon information and belief the Campbell County Sheriff's Department knowingly permitted Defendants Jason Henegar, Jonathan Finley, and other unnamed officers and employees to participate in the cover-up of a crime committed by one of its own detectives, in direct violation of Campbell County Sheriff's Department policies and procedures, and in doing so breached its duty of care to the Plaintiffs.

59. That in conducting said cover-up, the Defendants were acting under the color of State law.

60. Campbell County, by and through the Campbell County Sheriff's Office, acting under color of State Law, violated the rights, privileges, or immunities of Plaintiffs Robert and Janice Hatfield secured by the United States Constitution, Tennessee Constitution, and state and federal laws by denying the Plaintiffs meaningful access to the court of this State for the redress of grievances committed by State actors.

## C. NEGLIGENCE OF CAMPBELL COUNTY SHERIFF'S DEPARTMENT

61. The material allegations set forth in Paragraphs 1-54 of the Complaint are hereby incorporated by reference as if fully set forth herein.

62. That pursuant to the Tennessee Governmental Tort Liability Act, as a governmental entity, Defendant Campbell County Sheriff's Department's immunity from suit is removed for injuries proximately caused by the negligent acts or omissions of its employees acting within the scope of their employment. T.C.A. § 29-20-205.

63. Defendant Campbell County Sheriff's Department, its agents and employees had a duty to the Plaintiffs to exercise reasonable care in responding to citizen complaints and in conducting investigations of criminal activity within the county.

64. That Defendant Campbell County Sheriff's Department, its agents and employees breached that duty of care when several Campbell County Sheriff's Department, deputies, officers, agents and employees conspired to cover up criminal activity by Campbell County Sheriff's Department Detective Jason Henegar, and took the following actions in furtherance of that conspiracy:

    a. Removing Defendant Jason Henegar from the scene of the crime without conducting field sobriety tests and without timely securing a blood sample before Detective Henegar could be interviewed by the Tennessee Highway Patrol (hereinafter THP);

16

b. Removing Defendant Jason Henegar's vehicle from the crime scene prior to THP's arrival;

c. Failing to photograph the crime scene prior to contaminating the crime scene by removing Defendant Jason Henegar's vehicle from the premises.

d. Advising Campbell County Emergency Dispatch to advise THP not to respond to the scene until after Campbell County Law Enforcement had sufficient time to remove all evidence incriminating to Defendant Detective Jason Henegar from the scene of the crime;

e. Otherwise covering-up, or attempting to cover-up, evidence of Defendant Detective Jason Henegar's intoxication and criminal behavior.

65. That Plaintiffs Robert and Janice Hatfield have suffered damages as a direct and proximate result of Defendant Campbell County Sheriff's Department's negligence, in that the value of the Plaintiffs' claim for damages resulting from the subject incident has been significantly diminished.

## E. INDIVIDUAL CLAIMS AGAINST DEFENDANT JASON HENEGAR

66. The material allegations set forth in Paragraphs 1-44 of the Complaint are incorporated by reference herein as if fully set forth.

67. Defendant Jason Henegar was at all times relevant hereto, an employee within the meaning of the term "employee" as defined in the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-102(2).

68. That Defendant Jason Henegar was negligent in driving his vehicle through the wall of the Plaintiffs' residence, while the home was occupied by the Plaintiffs, in addition to using his position as an employee of the Campbell County Sheriff's Department to attempt to cover-up his criminal actions.

17

69. That Defendant Jason Henegar's actions in driving his vehicle through the wall of the Plaintiffs' residence, while the home was occupied by the Plaintiffs, in addition to using his position as an employee of the Campbell County Sheriff's Department to attempt to cover-up his criminal actions, constitute malicious tort actions of assault, battery, trespass to land, intentional infliction of emotional distress, and negligent infliction of emotional distress, alleged as follows:

## Negligence

70. That at the time and place of the September 5, 2011 collision, Defendant Jason Henegar was guilty of the following common law acts or omissions of negligence, which negligence was the proximate cause of said collision and resulting damages and serious injuries sustained by the Plaintiff:

    a. The Defendant operated a motor vehicle while intoxicated;

    b. The Defendant failed to keep a proper lookout ahead;

    c. The Defendant failed to exercise due care and failed to keep his vehicle under proper control;

    d. Defendant failed to properly maintain the vehicle he was driving under due and reasonable control so as to avoid the same from colliding with the Plaintiffs; residence;

    e. The Defendant failed to apply his brakes and stop the vehicle he was driving before the same collided with the Plaintiffs' residence;

71. Plaintiff furthers aver that the Defendant Jason Henegar was negligent *per se* by violating the following provisions of Tennessee Code Annotated:

    a. That Defendant drove or was in physical control of an automobile or other motor driven vehicle on the public roads and highways of this State while under the influence of an intoxicant in violation of Tenn. Code Ann. § 55-10-401.

18

b. The Defendant failed to obey traffic laws in violation of Tenn. Code Ann. § 55-8-103(a);

c. The Defendant failed to exercise due care to avoid colliding with another motor vehicle by failing to operate his motor vehicle at a safe speed, failing to maintain a safe lookout, failing to keep his motor vehicle under proper control, and by failing to devote his full time and attention to operating his motor vehicle under the existing circumstances to avoid endangering life, limb or property in violation of Tenn. Code Ann. § 55-8-136; and

d. That the above violations of Tennessee Law constitute negligence *per se.*

72. That as a direct and proximate result of the collision caused by Defendant Henegar's negligence, the Plaintiff, Janice Hatfield, suffered serious, painful and permanent injuries to her person.

73. That Plaintiff Janice Hatfield suffered physical injuries as a direct and proximate result of the Defendant's negligence. She sought medical treatment for these injuries immediately following the incident.

74. That as a further direct and proximate result of Defendant Henegar's actions, Plaintiffs Robert and Janice Hatfield suffered severe emotional trauma and stress.

75. That, additionally, as a further direct and proximate result of Defendant Henegar's actions, Plaintiffs Robert and Janice Hatfield suffered and will continue to suffer pain of body and mind; loss of capacity to enjoy life; has been prevented from and limited in transacting and participating in normal every day activities; was prevented from and/or limited in her ability to work and support her family, thereby suffering lost time from work and wages; and, has incurred and may continue to incur medical expenses for the necessary and reasonable treatment of her injuries.

76. That punitive damages are warranted in the instant case in that the defendant acted intentionally, maliciously, or recklessly in causing the subject collision. *See Hodges v.*

*S.C. Toof & Co.*, 833 S.W.2d 896, 901 (Tenn. 1992); *Sakamoto v. N.A.B. Trucking Co., Inc.*, 717 F.2d 1000, 1002 (6th Cir. 1983).

77. That Defendant Campbell County Sheriff's Department is liable for the damages caused by its employee Jason Henegar pursuant to T.C.A. § 8-8-302, in addition to the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-101, *et seq*.

## Assault & Battery

78. The material allegations set forth in Paragraphs 1-57 of the Complaint are incorporated by reference as if fully set forth herein.

79. That Defendant Jason Henegar, while, upon information and belief, under the influence of alcohol or other intoxicants, drove his pick-up truck through the living room wall of the Plaintiffs' residence, thereby pinning Plaintiff Janice Hatfield under brick, sheetrock, and other debris, and a causing injury to her person.

80. The this conduct by Defendant Jason Henegar caused Plaintiff Janice Hatfield to be in fear of imminent bodily harm as a result of the nonconsensual and violent contact and caused harmful and offensive touching of the person of Plaintiff Janice Campbell.

81. The this conduct by Defendant Jason Henegar subjecting Plaintiff Janice Hatfield to nonconsensual harmful or offensive touching constitutes assault and battery on her person.

## Trespass to Land

82. That at all times relevant hereto, the Plaintiffs, Robert and Janice Hatfield, had actual and exclusive possession of the real property located at 254 Imperial Heights Lane, LaFollette, Tennessee 37766.

83. That on September 5, 2011, Defendant Jason Henegar entered onto the Plaintiffs' property located at 254 Imperial Heights Lane, LaFollette, Tennessee 37766 without a

20

privilege to do so created by the Plaintiffs' consent or otherwise, thereby interfering with the Plaintiffs' right of exclusive possession of the property.

84. That Defendant Jason Henegar's entry onto the Plaintiff's real property was intentional and/or negligent.

85. That while trespassing upon the Plaintiffs' real property, Jason Henegar caused substantial damage the property by driving his pick-up truck through the wall Plaintiffs' residence and into their living room.

### Intentional Infliction of Emotional Distress

86. The material allegations set forth in Paragraphs 1-65 of the Complaint are incorporated by reference herein as if fully set forth.

87. That Defendant Jason Henegar's conduct in driving his pick-up truck through the wall of the Plaintiffs' home, while the home was occupied by the Plaintiffs, and further using his position as an employee of the Campbell County Sheriff's Department to attempt to cover-up his criminal actions, constitutes extreme and outrageous conduct.

88. That the above-described conduct of Defendant Jason Henegar was committed intentionally and/or with reckless disregard for the probability that his actions would cause the Plaintiffs to suffer severe or extreme emotional distress.

89. That as a result of Defendant Henegar's conduct, Plaintiffs Robert and Janice Hatfield suffered severe and/or extreme emotional distress.

90. That the conduct of Defendant Henegar was the actual and proximate cause of the severe and extreme emotional distress suffered by the Plaintiffs.

### Negligent Infliction of Emotional Distress

91. The material allegations set forth in Paragraphs 1-70 of the Complaint are incorporated by reference herein as if fully set forth.

92. That Defendant Jason Henegar's engaged in negligent conduct by driving his pick-up truck through the wall of the Plaintiffs' home, while the home was occupied by the Plaintiffs, and further by using his position as an employee of the Campbell County Sheriff's Department to attempt to cover-up his criminal actions, and further, this conduct constitutes a willful violation of a statutory standard, specifically:

    a. Defendant Henegar drove or was in physical control of an automobile or other motor driven vehicle on the public roads and highways of this State while under the influence of an intoxicant in violation of Tenn. Code Ann. § 55-10-401.

93. That as a result of Defendant Henegar's conduct, Plaintiffs Robert and Janice Hatfield suffered severe and/or extreme emotional distress.

94. That the conduct of Defendant Henegar was the actual and proximate cause of the severe and extreme emotional distress suffered by the Plaintiffs.

## E. INDIVIDUAL CLAIMS AGAINST DEFENDANT JONATHAN FINLEY

95. The material allegations set forth in Paragraphs 1-74 of the Complaint are incorporated by reference herein as if fully set forth.

96. Defendant Jonathan Finley was at all times relevant hereto, an employee within the meaning of the term "employee" as defined in the Tennessee Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-102(2).

97. That Defendant Jonathan Finley's actions in using his position as an employee of the Campbell County Sheriff's Department to enter onto the Plaintiffs' property and attempt to cover-up the criminal actions of his friend and colleague, Jason Henegar, constitute malicious tort actions of trespass to land, intentional infliction of emotional distress, and negligent infliction of emotional distress, alleged as follows:

**Trespass to Land**

98. That at all times relevant hereto, the Plaintiffs, Robert and Janice Hatfield, had actual and exclusive possession of the real property located at 254 Imperial Heights Lane, LaFollette, Tennessee 37766.

99. That on September 5, 2011, Defendant Jonathan Finley entered onto the Plaintiffs' property located at 254 Imperial Heights Lane, LaFollette, Tennessee 37766 without a privilege to do so created by the Plaintiffs' consent or otherwise.

100. That at the time Defendant Joanthan Finley had no legitimate law enforcement interfering with the Plaintiffs' right of exclusive possession of the property.

101. That Defendant Jason Henegar's entry onto the Plaintiff's real property was intentional and/or negligent.

**Trespass to Land**

102. That at all times relevant hereto, the Plaintiffs, Robert and Janice Hatfield, had actual and exclusive possession of the real property located at 254 Imperial Heights Lane, LaFollette, Tennessee 37766.

103. That on September 5, 2011, Defendant Jason Henegar entered onto the Plaintiffs' property located at 254 Imperial Heights Lane, LaFollette, Tennessee 37766 without a privilege to do so created by the Plaintiffs' consent or otherwise, thereby interfering with the Plaintiffs' right of exclusive possession of the property.

104. That at the time Defendant Finley entered onto the Plaintiffs' property, Defendant Finley was acting under color of state law in that he purported to be investigating the criminal actions of Defendant Jason Henegar in accordance with his employment as Chief Deputy with the Campbell County Sheriff's Department.

105. That significantly, however, at the time Defendant Finley entered onto the Plaintiffs' property, Defendant Finley had no legitimate law enforcement purpose for doing so.

23

106.    That Defendant Jonathan Finley's entry onto the Plaintiff's real property was intentional and/or negligent.

## Intentional Infliction of Emotional Distress

107. The material allegations set forth in Paragraphs 1-73 of the Complaint are incorporated by reference herein as if fully set forth.

108. That Defendant Jonathan Finley's conduct in using his position as an employee of the Campbell County Sheriff's Department to enter onto the Plaintiffs' property and attempt to cover-up the criminal actions of his friend and colleague, Jason Henegar, constitutes extreme and outrageous conduct.

109. That the above-described conduct of Defendant Jason Henegar was committed intentionally and/or with reckless disregard for the probability that his actions would cause the Plaintiffs to suffer severe or extreme emotional distress.

110. That as a result of Defendant Finley's conduct, Plaintiffs Robert and Janice Hatfield suffered severe and/or extreme emotional distress.

111. That the conduct of Defendant Finley was the actual and proximate cause of the severe and extreme emotional distress suffered by the Plaintiffs.

## Negligent Infliction of Emotional Distress

112. The material allegations set forth in Paragraphs 1-78 of the Complaint are incorporated by reference herein as if fully set forth.

113. That Defendant Jonathan Finley engaged in negligent conduct by using his position as an employee of the Campbell County Sheriff's Department to enter onto the Plaintiffs' property and attempt to cover-up the criminal actions of his friend and colleague, Jason Henegar.

114. That as a result of Defendant Finley's conduct, Plaintiffs Robert and Janice Hatfield suffered severe and/or extreme emotional distress.

24

115. That the conduct of Defendant Finley was the actual and proximate cause of the severe
and extreme emotional distress suffered by the Plaintiffs.

## V.    DEMAND FOR JURY TRIAL

116. The material allegations set forth in Paragraphs 1-66 of the Complaint are incorporated
by reference herein as if fully set forth.

117. Plaintiffs Robert and Janice Hatfield hereby demand a jury for the trial of this cause.

## VI.   PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray for judgment
against the Defendants and respectfully request:

(a)    That each Defendant be commanded to appear, answer, and defend this
action;

(b)    That following a jury trial of this matter, Plaintiffs be awarded a judgment
against the Defendants, for compensatory damages resulting from the acts and/or
omissions of the Defendants;

(c)    That the Plaintiffs be awarded punitive damages against Defendants, as
punitive damages, resulting from the willful and wanton acts and/or omissions of the
Defendants;

(d)    That the Court award Plaintiffs reasonable attorneys' fees and costs of
suit; and

(f)    That the Court award such general and further relief to which Plaintiffs
may be entitled, whether at law or in equity.

RESPECTFULLY SUBMITTED this 21 March 2012.

_____

GREGORY P. ISAACS, BPR# 013282
ANDREA B. MOHR, BPR# 028232

THE ISAACS LAW FIRM
The Arcade Building, Suite 300
618 South Gay Street
Post Office Box 2448
Knoxville, Tennessee 37901-2448
(865) 673-4953

## COST BOND

I, Gregory P. Isaacs, hereby acknowledge myself surety for the costs of the above-captioned cause.

_____

Gregory P. Isaacs

## IN THE CIRCUIT COURT FOR CAMPBELL COUNTY, TENNESSEE

**ROBERT HATFIELD, and**
**JANICE HATFIELD**

**Plaintiff,**

**v.**

**CAMPBELL COUNTY; CAMPBELL**
**COUNTY SHERIFF'S DEPARTMENT;**
**ROBBIE K. GOINS, Sheriff,**
**officially and in his individual**
**capacity; JONATHAN FINLEY,**
**Chief Deputy, officially**
**and in his individual capacity;**
**JASON HENEGAR, Detective,**
**officially and in his individual capacity;**
**JOHN DOE(S), officially and in their**
**individual capacities, and JANE DOE(S),**
**officially and in their individual**
**capacities,**

**Defendants.**

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**No.** _15169_
**Demand for Jury Trial**

DATE: _3 / 21_ 20_12_ TIME: _4:20 Pm_
CIRCUIT COURT — CAMPBELL COUNTY
BOBBY W. VANN _____ CLERK
_Du BO_
DEP. CLERK (D.C.)

### SUMMONS

**TO:  Jonathon Finley may be served at his residence located at 315 Paradise Lane, Jacksboro, Tennessee 37757-3938.**

You are hereby summoned and required to serve upon plaintiff's attorney, Gregory P. Isaacs, whose address is 618 South Gay Street, Suite 300, P.O. Box 2448, Knoxville, Tennessee 37901-2448, a true copy of the answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  You will file the original with the Court.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Issued this _21st_ day of _March_ , 2012 at _4:20_ o'clock, _P_ m. Witness, Bobby W. Vann, Clerk of said Court, at office the _Circuit Court_ in _Jacksboro_ A.D., 2012.

_Bobby W. Vann_
Clerk

By: _Du Bol_
Deputy Clerk

(This summons is issued pursuant to Rule 4 of the Tennessee Rules of Civil Procedures.)

DEFENDANT'S
COPY

ADA
ASSISTANCE CALL
_____-562-2624

## NOTICE

TO THE DEFENDANT (S):

Tennessee law provides a Four Thousand Dollars ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, **unless it is filed before the judgment becomes final, it will not be effective as to any execution of garnishment issued prior to the filing of the list.** Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Received this _____ day of _____, 2012,


_____

Deputy Sheriff/Process Server

## RETURN OF SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 2012, I,
_____ served this summons together with the complaint as follows:

_____
_____
_____

_____ failed to serve this summons within 30 days after its issuance because

_____
_____
_____


_____

Sheriff-Deputy Sheriff/ Process Server
Date _____

Exhibit A to the Original State
Court Complaint

Audio CD to be filed manually